# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )   | |
|     PLAINTIFF ) | |
| ) | |
| v. ) | **CASE NO. :  1:17-CR-27-JPJ-PMS** |
| ) | |
| JOEL A. SMITHERS ) | |
|     DEFENDANT ) | |

COMES NOW the Defendant, Joel A. Smithers, by and through counsel, pursuant to the Rules of Court, the Constitution of the United States and Brady vs. Maryland, 377 U.S. 83 (1963), United States vs. Agurs, 427 U.S. 97 (1976), Giglio vs. United States, 405 U.S. 15 (1972), and other pertinent authorities, for an Order permitting discovery and inspection for obtaining exculpatory evidence in the above-styled case.  The Government is requested to provide the following information:

1. Any and all exculpatory information and materials.

2. The names and addresses of any other suspects in the case.

3. Any physical evidence, information, statements or notes which are evidence or may lead to evidence that the accused may have a defense to the crime alleged, or may have committed an offense lesser than that which he is charged, or that someone else may have committed the alleged crime.

4. Any anonymous notes received by the Government or it's agents , of any anonymous telephone calls received with regard to this case.

5. A complete inspection and option to copy the Government's entire file in this case.

6. Written and/or recorded statements, admissions or confessions

made by the Defendant, or copies thereof, or the substance of any oral statements or confessions made by the accused to any law enforcement officer, the existence of which is known to the Attorney General.

7. Any relevant statements made by the Defendant to any law enforcement officer of the Government, or its agent, or any copies of the same.

8. The substance of any oral declaration of the Defendant of which a written or other tangible recording has been made or which were made by the Defendant, whether before or after the arrest, in response to interrogatories by any person then known to the Defendant to be a law enforcement officer, or his agent, or a prosecuting authority, or his agent.

9. All relevant statements, admissions, confessions or declarations made by the Defendant, whether written, signed or unsigned, oral or electronically recorded or obtained by eavesdropping.

10. When and where in whose presence any statements, admissions or confessions or declarations of the Defendant were made.

11. Who, if the Defendant made any statements, admissions, or confessions, advised the Defendant of his Constitutional rights at any time, and if so, where, when and how was he advised, and attach any copy of a waiver signed by the Defendant with respect to his Miranda Rights.

12. Copies of any waivers signed by the Defendant, if any.

13. Copies of the Defendant's prior criminal records, if any, that are

within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting authority.

14. A specific listing of the felony and misdemeanor convictions, or any, which Government intends to introduce against the Defendant.

15. The date, nature and place of any criminal offenses or acts of misconduct other than those charged in the present information and those offered for impeachment purposes which the Government will attempt to produce at trial against the Defendant.

16. Copies of all records of physical or mental examinations of the Defendant which are within the possession, control or custody of the Government, or it's agencies, the existence of which is known , to the Attorney General and which are obtainable with the permission of the Defendant.

17. By what means was the Defendant identified as the alleged perpetrator of the crime charged.

18. If said identification was by real, demonstrative or tangible evidence, then the Defendant hereby respectfully requests the Court to permit him to inspect and/or copy and photograph said items or objects.

19. If said identification was by means of photograph, then:

   (A) What person or persons identified the Defendant?

   (B) Where, when and under what circumstances was the identification made, and who presented said photograph?

    (C) On how many occasions was the person or persons requested to view the photographs for purposes of identification, and what were the dates and times?

    (D) How many photographs and what photographs were shown on each occasion?

  20.  If said identification was my means of a photograph, then the Defendant respectfully requests this Court order the Government, and/or its agents, to specify and produce, in the sequence shown, all photographs shown so that the Defendant can inspect and/or copy all photographs of the Defendant and/or anyone else.

  21.  The names and addresses of all other persons arrested for the same alleged incident and a report on the status of their cases.

  22.  The name or names of any persons other than informants, who were not informants with knowledge that they were acting as such at the time of the alleged offenses, who participated directly or indirectly in the alleged criminal acts which are the subject of the pending proceeding in the knowledge or possession of the Government, or where present at the time of commission of the acts.

  23.  The names, ages and addresses of all witnesses to be called by the Government.

  24.  The name or names and addresses of any other informants involved.

  25.  The criminal, youth offender and juvenile records of any informant, including matters pending.

  26.  The dates, times and places and the kinds and amounts involved of any financial or other compensation paid or made to any informant.

27. The number of, dates of, and statute involved of any convictions which were initiated by information supplied by any informant.

28. The names or names of any persons who provided the police with information supplied by an informant.

29. The name or names and addresses of those persons who witnessed the alleged crime, if said information is known to any agent of the Government.

30. The names and addresses or any persons interviewed regarding this case by the Government, or it's agents or employees, whom the Government does not intend to call as a witness.

31. The list of names and addresses of anyone who might give favorable testimony on behalf of the Defendant if those persons are known to any agent of the Government.

32. A list of the names of the arresting police officers.

33. A list of the names of those officers involved in the investigation of the case.

34. All police reports in the case.

35. Any statement, before a grand jury or otherwise by any witness who is to be called to testify, said statement being within the possession, custody or control of the Government, or any governmental agency.

36. All relevant oral statements made by the Government's witnesses and which are known by any agent of the Government.

37. (A) The juvenile record, including any charges pending, of all witnesses to be called by the Government.

    (B)    Any current juvenile probation or parole and any pending juvenile matter of a criminal nature of any Government's witness.

38. The criminal record, including any charges pending, of all witnesses to be called by the Government.

39. All uncharged criminal misconduct of any Government's witness, which is known to any agent of the Government.

40. All information relating to any understanding or agreement between Government's witness and the Government, including the Government's Attorney, and Prosecutor, State Police or any Police Department, probation officers, or any of their agents regarding prosecution of said witness for past, present or future criminal conduct and regarding sentencing, or sentencing recommendations, as to any such witness.

41. The nature of any other promise or consideration given by any agent of the Government to any person in return for information, assistance or testimony of that person, including any promised consideration of state or federal authorities to relatives of the government witness or informant.

42. The nature of any threat of unfavorable treatment given by any agent of the Government to any person in order to obtain information, assistance, or testimony from that person.

43. Whether any Government's witness was taking and/or to any degree under the influence of alcohol and/or any drug at and near the time of the event to which that witness is to testify, and if so, then what was the amount and type of the alcohol and/or drug.

44. Any mental, psychological or physical problem that any Government's witness has, including but not limited to alcoholism or mental illness or defect, and reports of the same.

45. The identity and location of buildings, places or portions thereof, which are in the possession, custody or control of any governmental agency and which are material to the defense to which the prosecuting authority intends to introduce as evidence in chief at the trial.

46. Books, papers, drugs, photographs, papers, photographs or documents, or other tangible objects obtained from or belonging to the Defendant and/or obtained from the others involved in the case by seizure or process.

47. All books, papers, drugs, tangible objects, papers, photographs or documents which are within the possession, custody, or control of any Government agency which are material to the preparation of the Defendant's defense or are intended for use by the prosecuting authority as evidence in case in chief at the trial.

48. Whether or not a knife or gun, or other dangerous weapon or deadly instrument, or dangerous and deadly weapon, or any instrument, was used during the commission of the alleged offenses, and if so, the kind and description of such weapon, dangerous  instrument, knife, gun or instrument.

49. Any inspection or examination of any weapon or any instrument which is alleged to have been used in the alleged crime.

50. Any objects, if any, taken in the alleged crime.

51. Clothing worn by the Defendant when arrested and a description of it.

52. Written reports or copies of results or reports of scientific tests, experiments or comparisons, including but not limited to fingerprint analyses, handwriting analyses, blood, urine and breath tests, made in connection with the particular case which are known to the prosecuting authority and within the possession, custody or control of any governmental agency and which are material to the preparation of the defense or are intended for use by the prosecuting authority as evidence in the case in chief at the trial.

53. Copies of results or reports of scientific tests, experiments or comparisons made in connection with the particular case and which will not be used by the prosecuting authority as evidence in the case of chief at the trial.

54. What, if any fingerprints of the Defendant and/or anyone else were lifted at near the scene of the alleged offenses, and/or from any other places or objects related to the incident; and the Defendant requests an inspection and examination of said fingerprints and a listing of the names and addresses of those whose fingerprints were lifted.

55. Whether there were any pin records, wiretaps and/or any other electronic surveillance involved and if so, for the Government to produce a copy of:

    (A)    The application for the Order;

    (B)    The application for any extensions;

    (C)    The order;

    (D)    The order any extensions;

    (E)    The contents;

    (F)    The wire communication;

    (G)    Any evidence derived from said wire communication;

(H) The names of any officers involved in the gathering of the wire communication; and

(I) A full description of any opportunity to inspect the device used to intercept and record the wire communication.

56. Copies of the search and arrest warrants issued, if any, and if so, copies of the affidavit in support thereof, the application, and the return of the warrant.

57. The date, time and place of the initial arrest of the Defendant, and any co-defendant or co-conspirator.

WHEREFORE, the Defendant Joel A. Smithers, respectfully prays that his Motion for Discovery be granted.

RESPECTUFLLY SUBMITTED

JOEL A. SMITHERS

BY: /s/Don M. Williams, Jr.

DON M. WILLIAMS, JR.
ATTORNEY AT LAW/ATTORNEY FOR DEFENDANT
P. O. BOX 601
PENNINGTON GAP, VA 24277
TEL: 276-546-3087
FAX: 276-546-2642
VSB: 41143
EMAIL: donwilliamsjr@yahoo.com

## CERTIFICATE OF SERVICE

I, Don M. Williams, Jr., hereby certify that I have this the 1st day of June, 2017, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

/s/ Don M. Williams, Jr.

DON M. WILLIAMS, JR.