## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:17-CR-27 |
| | : | |
| **v.** | : | |
| | : | **GOVERNMENT'S OPPOSITION** |
| **JOEL A. SMITHERS** | : | **TO MOTION TO PROVIDE** |
| | : | **DISCOVERY TO DEFENDANT** |

The Government opposes defendant Joel A. Smithers' motion, dkt. 94, that he personally have full access to discovery in this case—or alternatively that he be permitted to review it in the presence of a private investigator while at his home in North Carolina—outside the presence of counsel.[1]

On September 12, 2017, the Court entered an Order, dkt. 26 ("Order"), which prohibits defense counsel from providing the defendant a copy of any discovery materials and prohibits the defendant from being in possession of any discovery materials unless in the presence of his counsel.[2] Based upon this Order, and the understanding and belief that the defendant's attorney would maintain custody of the discovery materials in accordance with the Order, the government provided significantly more discovery than that required by Fed. R. Crim. P. 16. These discovery materials include: witness interviews; grand jury testimony transcripts; identifying information about witnesses and other parties; phone records; cellular phone data downloads; confidential law enforcement reports, records and documents; and other materials provided to the government

---

[1] Nonetheless, there may be alternative arrangements that facilitate the defendant's use of discovery materials if appropriate steps are taken to protect the discovery materials from unauthorized disclosure. Such steps could include permitting the defendant to inspect and review discovery while in the presence of a staff member or employee of defense counsel.

[2] The Court later modified the Order on December 31, 2018, by providing that counsel was permitted to share with the defendant patient files and other records from the defendant's medical practice. The original Order otherwise remains unaltered, and the Government refers to both orders together as the "Order."

during its investigation. These materials necessarily contain sensitive information related to numerous persons and government agencies.

The defendant has raised no issues in his case that make his situation distinct from other defendants before the Court. The defendant is not incarcerated and, presumably, has access to his defense counsel and his counsel's office to view the discovery materials provided by the government if he desires to do so. Finally, prior cases in which the unusual step was taken to allow defense counsel to provide copies of discovery materials to defendants and others who were not incarcerated have led to abuses of the process and the unauthorized dissemination of discovery materials. *See United States v. Kurt Pomrenke*, Case No. 1:17-CR-23 (W.D. Va. Aug. 8, 2017) (defendant, a sitting state court judge, convicted of contempt of court following unauthorized dissemination of discovery materials in violation of court order allowing discovery materials to be possessed by defendant and his wife to aid in wife's defense in a separate criminal case); *cf. United States v. Workman*, No. 1:18-CR-20 (W.D. Va. Jan. 22, 2019 ) (affirming magistrate judge's denial of motion to provide copies of discovery to defendant).

For these reasons, the Government asks that the Court deny the defendant's motion.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/ S. Cagle Juhan
District of Columbia Bar No: 1022935
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
E-Mail:USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

s/ S. Cagle Juhan
Assistant United States Attorney