**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:17-CR-27 |
| | : | |
| v. | : | |
| | : | **GOVERNMENT'S MOTION** |
| **JOEL A. SMITHERS** | : | **FOR RECONSIDERATION OR** |
| | : | **CLARIFICATION** |

The Government hereby respectfully moves the presiding Magistrate Judge to reconsider or clarify the Court's order of March 29, 2019 that the Government is not allowed to "use" at trial any document or information provided to the defense for the first time on March 15, 2019. (Dkt. 110). The Government submits that, as written, the Order is unintentionally overbroad and could unduly limit its examination of witnesses, cross-examination of defense witnesses, and presentation of rebuttal evidence; and excludes documents the Government had no duty to disclose. The Government requests the Order be amended to either (A) permit individualized consideration of particular exhibits and documents at trial, or (B) prohibit the Government from introducing into evidence, during its case-in-chief, the previously undisclosed material, unless otherwise ordered by the Court.

**I.      Background**

On March 15, 2019, the Government disclosed discovery materials pertaining to investigations of the defendant by the Virginia Department of Health Professions, after the Government uncovered the documents in the files of a now-retired Assistant United States Attorney. At that time, the trial date was over six weeks away. *See* 18 U.S.C. § 3161(c)(2) (contemplating trial as quickly as 30 days after indictment). The defendant responded by moving to continue the trial, which the Government opposed. (Dkt. 96). The Court heard argument on March 22, 2019, during which it observed that some of the substance of the disclosure would have

1

been previously known to the defendant, even if he had not shared his knowledge with counsel. (*See* dkt. 103).

On March 26, 2019, still over a month from trial, the Government provided the defense and the Court with a spreadsheet delineating what aspects of the March 15 disclosure—approximately one-half, or 2,000 pages—had been previously disclosed. The Court, on March 29, 2019, denied the motion to continue but ordered that "the Government shall not be allowed to *use* at trial any document or information it provided defense counsel for the first time on March 15, 2019." (Dkt. 110 at 2 (emphasis added)).

## II.    The Order

The Government submits the Order is overbroad in important respects. The Order does not limit the introduction of documents or exhibits into evidence, but rather forbids entirely their "use," as well as the information therein. One reading of the Order, for instance, could prevent the Government from using the documents to ask or formulate questions of witnesses in its case-in-chief. It could also prevent the Government from impeaching or cross-examining defense witnesses by using or referring to the documents, or from introducing them through defense witnesses, or from introducing them during the Government's rebuttal case. And those restrictions could apply even to documents the Government had no duty to disclose under *Brady*, *Giglio*, Rule 16, or the Court's prior discovery order. *See* Dkt. 62 (requiring disclosure of only *Brady*, *Giglio*, and Rule 16 material); Fed. R. Crim. P. 16(a)(1)(E)(ii) (requiring document disclosure if "the government intends to use the item in its case-in-chief at trial").

## III.    The Government's Request

In light of the Order's overbreadth, the Government requests the Court reconsider its Order, strike (or clarify) the terms "use" and "information," and amend the Order in one of two ways.

First, the Court could tailor the Order to permit individualized consideration of previously undisclosed materials on an as-needed basis at trial. This would reflect the document-specific approach embraced by Rule 16(a)(1)(E), and take into consideration that disclosures were made over a month-and-half before trial.

Alternatively, the Court might prohibit the Government from introducing into evidence the previously undisclosed documents in its case-in-chief, unless otherwise ordered by the Court. This would also be consistent with Rule 16's reference to the Government's case-in-chief, and would avert unduly hampering the Government's questioning of its witnesses, its cross-examination of defense witnesses, and its rebuttal case.

\*   \*   \*

For the above reasons, the Government asks that the Court to reconsider (or clarify) the Court's May 29, 2019 Order.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

/s/Randy Ramseyer
Virginia Bar No. 33837
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
E-Mail:USAVAW.ECFAbingdon@usdoj.gov

Cagle Juhan
District of Columbia Bar No: 1022935
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210

        276-628-4161  
        276-628-7399 (fax)  
        E-Mail:USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

s/ Randy Ramseyer
Assistant United States Attorney