**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|     **PLAINTIFF** | ) |
| | ) |
| **v.** | ) **CASE NO. :  1:17-CR-027-JPJ-PMS** |
| | ) |
| **JOEL A. SMITHERS** | ) |
|     **DEFENDANT** | ) |

**MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE REGARDING THE**

**DEATH OF DEBORAH SMITH**

Comes Now the Defendant, Joel A. Smithers, by and through counsel and moves this Honorable Court, *in limine*, to exclude such evidence as stated below for the reason stated therein:

1.  The Defendant has received evidence from the government regarding the death of Deborah Smith, as evidenced in the grand jury testimony of James Thornhill, Blakely Hurley and Andrea Hurley.  Ms. Smith was not a patient of Dr. Smithers and no accusation is made that Ms. Smith ever spoke with or met Dr. Smithers.  The allegations seem to assume that either Ms. Smith stole some medication or Mr. Thornhill or one of the Hurley's provided Ms. Smith, with Mr. Blakely Hurley's medications.  Ms. Smith died of an apparent drug overdose at the home of Mr. and Ms. Hurley.  The death of Ms. Smith is not attributed to Dr. Smithers by any evidence know by the defense; in addition, there is no evidence that Dr. Smithers had any knowledge of Ms. Smith at that time or any of the circumstances of her death or what occurred on that night.

2. Federal Rule of Evidence 403 states that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

3. The evidence of her death as related to a drug overdose would clearly be confusing to the jury, waste time and be extremely prejudicial.  It has no probative value and as such should be excluded and all witnesses advised not to discuss it in front of the jury.

Wherefore, the Defendant, Joel A. Smithers, respectfully requests that such evidence should be suppressed and deemed inadmissible.

RESPECTUFLLY SUBMITTED

JOEL A. SMITHERS
BY  COUNSEL

BY:     /s/Don M. Williams, Jr.

DON M. WILLIAMS, JR.
ATTORNEY AT LAW/ATTORNEY FOR DEFENDANT
P. O. BOX 601
PENNINGTON GAP, VA  24277
TEL:  276-546-3087
FAX: 276-546-2642
VSB:  41143
EMAIL: donwilliamsjr@yahoo.com

## CERTIFICATE OF SERVICE

I, Don M. Williams, Jr., hereby certify that I have this the 18th day of April, 2019, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

/s/ Don M. Williams, Jr.

DON M. WILLIAMS, JR.