CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2019

JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

# General Affidavit

In matter regarding JOEL ADAMS SMITHERS
CASE No: 1:17-CR-00027

**To the best of my knowledge and belief the following is true:**

My CJA, court-appointed attorney, Don Williams, Jr, hereinafter referred to as my CJA, has also agreed with the following:

1) He, my CJA, does not not have the staff, resources, or expertise to go to trial.

2) We are not prepared for trial.

3) I was assigned to a counsel whose office is 5 hours from where I live and over 2 hours from the courthouse where the case is to be tried (I am indigent).

4) He has been extremely busy since my case was given to him, working a caseload of over 200-300 cases in this span of time.

5) My CJA is in court almost every business day of each week. Most times I've tried to communicate with him he's been with another client or busy working with another client on another case.

6) My CJA's staff consists of himself and one secretary for all of these cases.

7) He has not had access to an investigator, such as the Federal Public Defender's office does in every one of their offices.

8) He has never defended a Physician criminally charged in relation to their medical practice.

9) Due to his case volume and scores of clients, he has not reviewed all of my discovery. No one has reviewed all of my discovery except for the prosecution.

10) I was given access to view discovery independently for 40 hours with a paralegal at a local CJA's office only as of April 17, 2019 (that is the day I was able to begin review). Amidst working 3 jobs, I will quickly devote as much time as possible to reviewing discovery. With discovery being over 2 terabytes, over 100,000 pages however, this is insufficient time and access as I am facing 862 Federal indictments at a trial scheduled to begin in 10 days.

11) I did have brief access to review discovery back in January of 2019 for approximately 10 hours only because my CJA happened to be close to Greensboro, North Carolina on an unrelated matter (a soccer coaches meeting I believe).

12) I am indigent, I'm working 3 jobs just to pay housing, food, lights and electric with government assistance. I have 4 children, my wife is pregnant, and leaving them to spend even a week in Pennington Gap, VA while not working and while paying for room and board all to possibly review some of the discovery during the few minutes my CJA is out of court or between clients is not a reasonable request of me.

13) I want to work with my CJA, but neither of us wish to be part of a process that at this point would deprive me of my Constitutional right to a fair trial.

14) I have scarcely read 1-2% of the total discovery.

15) My CJA has not reviewed even 50% of discovery likely due to his enormous caseload.

16) My CJA has spent the limited time we have had over the past few months mostly focused on getting me to agree to a plea to the exclusion of preparing for trial.

17) My CJA has not been able to interview any of the prosecution's witnesses.

18) My CJA has not been able to interview either of the two government expert witnesses against me.

19) My CJA has not been able to interview any of my patients.

20) My CJA has not been able to subpoena any witnesses.

21) My CJA has just now retained an expert that has not yet been paid and has not yet been furnished discovery so that I might have an expert witness to testify whether my prescription of medications was within the proper scope of legitimate medical practice.

22) The only expert to be retained that is willing to testify doesn't even have a medical license.

23) My CJA has not reviewed my patient's medical records.

24) The Federal government has not returned my patients' medical records to me as is required by statue within thirty days of their being seized thus I have not been able to review them either.

25) My CJA agrees that he absolutely does not have the training or expertise to handle a case of this type.

26) My CJA understands that I want to work with him, but neither he nor I want to be part of a process that deprives me of my Constitutional right to a fair trial.

27) My CJA agrees that he is not prepared for trial and likely will not be prepared as it stands scheduled.

28) My CJA agrees that he does not have the staff or resources to prepare for the trial as scheduled.

29) We are not prepared for trial and will not be prepared for trial given the facts listed above.

30) My CJA does not have the staff, training, or expertise to handle this case. He has never handled this type of case, and it would be a violation of my Constitutional rights were this case to go to trial as scheduled.

31) The court must grant relief in the form of a special appointment of counsel or a continuance if it wishes to assure that this trial not later be deemed unfair or unconstitutional.


I the undersigned, Joel Adams Smithers, believe the foregoing to be true and accurate to the best of my knowledge.

*[signature]*