IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | |
| ) | Case No. 1:l7CR00027 |
| ) | |
| JOEL ADAMS SMITHERS          ) | |
| ) | |

## MOTION TO EXCLUDE EXPERT WITNESS OR IN THE ALTERNATIVE TO HOLD A *DAUBERT* HEARING

Comes now the United States, through counsel, and hereby moves this court to exclude the expert testimony of Arnold Feldman, M.D. On April 28, 2019, the defendant, through counsel, disclosed a summary of Arnold Feldman's anticipated expert testimony. *See* Exh. 1. Previously, counsel for the defendant had provided C.V. for Arnold Feldman. *See* Exh. 2. The defendant's expert, nor does his purported testimony, meet the standards set out in Fed. R. Evid. 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) and should be excluded.

Rule 702 provides, in pertinent part, that scientific knowledge may be admitted to assist the trier of fact in understanding evidence or determining a fact in issue through a witness qualified as an expert. The witness may testify in the form of an opinion if the testimony is based on sufficient information, the testimony is the product of reliable principles and methods, and the witness reliably applied those principles and methods to the facts of the case. A court undertakes a Rule 702 determination as to the admissibility of such evidence with the guidance of *Daubert v.*

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) and its progeny.

In *Daubert*, the Court provided numerous guiding factors for a 702 analysis, but also clearly explained that "well-established propositions are less likely to be challenged than those that are novel, and they are more handily defended.   Indeed, theories that are so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, properly are subject to judicial notice under Federal Rule of Evidence 201."   *Daubert*, 509 U.S. at 593 n. 11. A trial judge has the "discretionary authority needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises.   Indeed, the Rules are to avoid 'unjustifiable expense and delay' as part of their searching for the 'truth'…."   *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152-53 (1999).   "The objective of *Daubert* 's gatekeeping requirement is to 'make certain that an expert ... employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"   Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 200 (4th Cir. 2001) (*citing Daubert*).   Finally,

> [e]xpert testimony that merely states a legal conclusion is less likely to assist the jury in its determination.7 *See* Woods v. Lecureux, 110 F.3d 1215, 1220 (6th Cir.1997) ("It is, therefore, apparent that testimony offering nothing more than a legal conclusion—i.e., testimony that does little more than tell the jury what result to reach—is properly excluded under the Rules."); Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2001) ("The most common reason for excluding opinion testimony that gives legal conclusion is lack of helpfulness.... The testimony supplies the jury with no information other than the witness's view of how the verdict should read."). The role of the district court, therefore, is to distinguish opinion testimony that embraces an ultimate issue of fact from opinion testimony that states a legal conclusion.

*United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002)

In this case, for the following reasons, the defendant's purported expert testimony does not meet the standards of *Daubert*:

1) Arnold Feldman does not currently have a license to practice medicine. His licenses to practice medicine in Louisiana and Mississippi are currently suspended, in part, for misconduct associated with the dispensing of controlled substances. *See* Exh. 3.

2) Arnold Feldman's registration to dispense controlled substances was revoked by the Drug Enforcement Administration in 2017 and he currently is not allowed to dispense or prescribe controlled substances. *See* Exh. 4.

3) The purported expert testimony is not based upon any reliable scientific principles or methodology, but instead employs personal opinion, regurgitates portions of websites and purported news outlets, and cites to the United States Constitution. Specifically, Feldman opines on the legality of the prescriptions listed in Counts 2-862 without referencing any patient, patient files, medical diagnoses, or other commonly accepted medical principles. Similarly, Feldman's opinions related to the government's expert witness opinion as to the death of one of the the defendant's patientls (*see* pages 7-10 of Feldman report) does not cite or reference any supporting principles, methodology or other factors to demonstrate his opinion is reliable.

4) Finally, the defendant's proposed expert testimony is not helpful to the jury and is replete with legal conclusions, namely, that the defendant should be found not guilty, as best evidenced by Feldman's final statement, "[i]n summary, after

review of the data presented to me, as an expert with almost 4 decades of experience in this field, it is my opinion Dr. Smithers acted within the bounds of legitimate medical practice in practice within the law and I see ***no evidence to convict him.***"   (Exh. 1 at 10.)

Based upon the above facts, exhibits and argument, the government urges the court to exclude the defendant's proposed expert testimony.

THOMAS T. CULLEN
United States Attorney

/s/ Zachary T. Lee
Zachary T. Lee
VSB No:   47087
Assistant United States Attorney
United States Attorney's Office
180 W Main Street, Suite B-19
Abingdon, Virginia   24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2019, I caused the foregoing to be filed with the   Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

/s/ Zachary T. Lee
Assistant United States Attorney