IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

MAY 0 9 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

UNITED STATES OF AMERICA            )
                                    )
                                    )
                                    )
v.                                  )          Case No. 1:17-CR-00027
                                    )
JOEL ADAMS SMITHERS,                )
                                    )
        Defendant.                  )


# JURY INSTRUCTIONS


Judge James P. Jones
May 8, 2019

Instruction No. _____1_____

1    Ladies and gentlemen of the jury, I'm going to give you final instructions now,

2    since you will soon leave the courtroom to begin your deliberations.   I will also send a

3    written copy of these instructions with you.

4    As I told you earlier, the government has accused the defendant of committing

5    certain crimes.   These are only charges.   In order for you to find the defendant guilty, you

6    must be convinced beyond a reasonable doubt that the defendant committed the crimes as

7    charged.   If you are not convinced beyond a reasonable doubt that the defendant

8    committed a crime as charged, you must find the defendant not guilty of that crime.

9    During the course of the trial, you received all the evidence you may properly

10   consider to decide the case.   Your decision in the case must be made solely on the

11   evidence presented at the trial.   You should consider all the evidence that was presented to

12   you.

13   Do not allow sympathy or prejudice to influence you.   The law demands of you a

14   just verdict, unaffected by anything except the evidence, your common sense, and the law

15   as I give it to you.

16   At times during the trial, you saw lawyers make objections to questions or to

17   answers by witnesses.   This simply means that the lawyers were requesting that I make a

18   decision on a particular rule of law.   Do not draw any conclusion from such objections, or

19   from my rulings on the objections.   These are only related to the legal questions I had to

1    determine and should not influence your thinking.   When I sustained an objection to a

2    question, the witness was not allowed to answer it.   Do not attempt to guess what answer

3    might have been given had I allowed the question to be answered.   Similarly, when I told

4    you not to consider a particular statement, you were told to put that statement out of your

5    mind, and you may not refer to that statement in your deliberations.

6           Neither in these instructions nor in any ruling, action, or remark that I have made

7    during the course of this trial have I intended to give any opinion or suggestion as to what

8    your verdict should be.   During this trial, I have occasionally asked questions of witnesses

9    in order to bring out facts not then fully covered in testimony.   Do not assume that I hold

10   any opinion on the matter to which my questions are related.

Instruction No. ___2___

1    It is my job to decide what rules of law apply to this case.   I've explained some of

2    these rules to you during the course of the trial, and I will explain others of them to you

3    before you go to the jury room.   While the lawyers may have properly commented during

4    the trial on some of these rules, you are to be guided only by what I say about them.   You

5    must follow all the rules as I explain them to you.   You may not follow some and ignore

6    others.   Even if you disagree or don't understand the reasons for some of the rules, you are

7    bound to follow them.

Instruction No. 3

1    If you decide that the government has proved beyond a reasonable doubt that the

2  defendant is guilty, it will also be my job to decide what the punishment will be. You

3  should not try to guess what the punishment might be. It should not enter into your

4  consideration or discussions at any time.

Instruction No. __4__

1       The decision you reach in the jury room, whether guilty or not guilty, must be

2    unanimous.   You must all agree.   Your deliberations will be secret.   You will never have

3    to explain your verdict to anyone.

Instruction No. _5_

1    The law presumes the defendant to be innocent of a crime.   Thus, the defendant,

2    although accused, begins the trial with a clean slate — that is, with no evidence against him

3    — and the law permits nothing but legal evidence presented before the jury to be

4    considered in support of any charge against the defendant.   So, the presumption of

5    innocence alone is sufficient to acquit the defendant unless the jurors are satisfied beyond a

6    reasonable doubt of the defendant's guilt from all the evidence in the case.   This

7    presumption of innocence is an abiding presumption that goes with the defendant

8    throughout the entire case and applies at every stage.   As I have said, the government has

9    the burden of proving the defendant's guilt beyond a reasonable doubt.

Instruction No. _6_

1    An important part of your job will be making judgments about the testimony of the

2    witnesses who testified in this case.   You should decide whether you believe what each

3    person had to say, and how important that testimony was.   In making that decision I

4    suggest that you ask yourself a few questions.   Did the person impress you as honest?

5    Did he or she have any particular reason not to tell the truth?   Did he or she have a

6    personal interest in the outcome of the case?   Did the witness seem to have a good

7    memory?   Did the witness have the opportunity and ability to observe accurately the

8    things he or she testified about?   Did he or she appear to understand the questions clearly

9    and answer them directly?   Did the witness's testimony differ from the testimony of other

10   witnesses?   These are a few of the considerations that will help you determine the

11   accuracy of what each witness said.

12   The weight of the evidence is not necessarily to be determined by the number of

13   witnesses testifying to the existence or nonexistence of any fact.   You may find that the

14   testimony of a smaller number of witnesses as to a fact is more persuasive than that of a

15   greater number of witnesses, or you may find that they are not persuasive at all.

16   In determining whether to believe a witness, you may also consider whether a

17   witness said or did something previously that is inconsistent with what the witness

18   said while testifying in the courtroom in this case.

Instruction No. _7_____

1    There are two types of evidence which are generally presented during a trial: direct

2    evidence and circumstantial evidence.   Direct evidence is the testimony of a person who

3    asserts or claims to have actual knowledge of a fact, such as an eyewitness.

4    Circumstantial evidence is proof of a chain of facts and circumstances indicating the

5    existence of a fact.   The law makes no distinction between the weight or value to be given

6    to either direct or circumstantial evidence.   Nor is a greater degree of certainty required of

7    circumstantial evidence than of direct evidence.

8    While you should consider only the evidence in the case, you are permitted to draw

9    such reasonable inferences from the testimony and exhibits as you feel are justified in the

10    light of common experience.   In other words, you may make deductions and reach

11    conclusions which reason and common sense lead you to draw from the facts which have

12    been established by the evidence in the case.

Instruction No. _8_

1        You have heard the testimony of witnesses who have been convicted of a crime.

2    Prior conviction of a crime that is a felony or involves a dishonest act or false statement is

3    one of the circumstances you may consider in determining the credibility of a witness.

Instruction No. _9_

1      You have heard the testimony of a witness who provided evidence for the

2    government with the hope of securing leniency in her own case.

3      Some people in this position are entirely truthful when testifying.   Still, you should

4    consider the testimony of such individuals with particular caution.   They may have had

5    reasons to make up stories or exaggerate what others did because they wanted to help

6    themselves.

7      Under the law, the government may request leniency from the court for a person

8    based upon that person's substantial assistance in the prosecution of another person.   Only

9    the government has the power to make this request.   However, the final decision on

10   whether to grant leniency is up to me as the judge, and not to the government.

Instruction No. _10_

1   The testimony of a drug abuser must be examined and weighed by the jury with

2 greater care than the testimony of a witness who has not abused drugs.   Some of the

3 witnesses heard during this trial may be considered to be drug abusers.

4   The jury must determine whether the testimony of a drug abuser has been affected

5 by the drug use.

Instruction No. _11_

1    The government has brought separate charges against the defendant.   You must be

2    careful to give separate consideration to the evidence supporting each charge.

3        In considering each charge, do not assume that because the defendant may be guilty

4    of one charge, he must also be guilty of one or more of the other charges.   Instead, you

5    should only return a verdict of guilty to a charge if the evidence proves all of the elements

6    of that charge, beyond a reasonable doubt.

Instruction No. _12_

1       The government has charged that certain events or conduct occurred "on or about" a

2   specific date.

3       The government does not have to prove that the events or conduct occurred on the

4   exact dates alleged.   Rather, it is sufficient if they occurred on a date reasonably near the

5   date alleged.

Instruction No. 13

1       During the trial, items were received into evidence as exhibits.   Any or all of these

2   exhibits will be sent into the jury room if you request.   Examine the exhibits if you think it

3   would help you in your deliberations.

Instruction No. _14_

1        In considering the weight to be given to the testimony of an expert witness you

2    should consider the basis for the expert's opinion and the manner by which the expert

3    arrived at it and the underlying facts and data upon which the expert relied.

Instruction No. __15__

1        Count One of the Second Superseding Indictment charges that on or about March 7,

2    2017, in the Western District of Virginia and elsewhere, the defendant knowingly and

3    intentionally possessed with the intent to distribute certain Schedule II controlled

4    substances in violation of federal law.

5        Count Two of the Second Superseding Indictment charges that the defendant

6    knowingly and intentionally maintained a place, located at 445 Commonwealth Boulevard

7    East, Suite A, Martinsville, Virginia, for the purpose of unlawfully distributing controlled

8    substances, in violation of federal law.

9        Counts Three through 862 of the Second Superseding Indictment charge that on or

10   about the dates listed, in the Western District of Virginia and elsewhere, the defendant

11   knowingly, intentionally and unlawfully distributed and dispensed and caused the

12   intentional and unlawful distribution and dispensing of the listed drugs, which are

13   Schedule II controlled substances, without a legitimate medical purpose or beyond the

14   bounds of medical practice, to patients identified by their initials, in violation of federal

15   law.

16       Count 101 is no longer involved in the case.

Instruction No. **15A**

1    In order to sustain its burden of proof as to Count One, the government must prove

2    beyond a reasonable doubt that the defendant knowingly possessed with intent to distribute

3    one or more of the controlled substances described in Count One, that the defendant knew

4    they were controlled substances, and that such possession was without a legitimate medical

5    purpose or beyond the bounds of medical practice.

6    Regarding possession, it is not necessary for the government to prove that the

7    defendant actually held or possessed the controlled substance.   Rather, the government

8    will have satisfied its burden of proof if it proves either actual or constructive possession.

9    Constructive possession exists when the defendant exercises, or has the power to exercise,

10   dominion and control over the item.   The law allows proof of constructive possession by

11   either circumstantial or direct evidence.

Instruction No. _16_

1    For you to find the defendant guilty of the crime charged in Count Two, you must be

2    convinced beyond a reasonable doubt that the government has proved that the defendant,

3    either as a principal or as an aider and abettor, knowingly and intentionally maintained the

4    stated premises for the purpose of unlawfully distributing any controlled substances.   The

5    meaning of "maintaining" includes managing or controlling the premises or receiving

6    profits from the use thereof.   The specific purpose of unlawfully distributing controlled

7    substances need not be the sole purpose for which the place is used, but must be one of the

8    primary or principal uses for which the place is used.

Instruction No. _*17*_

1       The word "knowingly" as used in the Indictment and these instructions means that

2    the act in question was done voluntarily and intentionally, and not by mistake or accident.

Instruction No. _18_

1    A controlled substance under federal law is a drug listed in certain schedules

2    numbered I through V.   The drugs are scheduled in part based on their risk, with the higher

3    risk for abuse or dependency having the lower schedule number.   For example, a Schedule

4    II drug may have a higher risk for abuse or dependency than a Schedule III drug.   You are

5    instructed that all of the drugs involved in this case are Schedule II controlled substances.

6    With the exception of Schedule I drugs (which are not involved in this case), all of the

7    scheduled controlled substances have a legitimate medical purpose if properly prescribed

8    and taken.

Instruction No. __19__

1    In order to sustain its burden of proof as to Counts Three through 862, the

2    government must prove beyond a reasonable doubt that the defendant knowingly and

3    deliberately distributed or dispensed or caused to be distributed or dispensed a controlled

4    substance and did so without a legitimate medical purpose or beyond the bounds of

5    medical practice.

Instruction No. _19A_

1       When a medical provider prescribes a controlled substance to a patient with the

2    intent that the prescription be filled, then under the law the medical provider has caused the

3    controlled substance to be distributed or dispensed.

Instruction No. _20_

1    In order to convict a physician of the charge of unlawfully dispensing or

2    distributing, or causing the dispensing or distributing of controlled substances, the

3    government must prove beyond a reasonable doubt that the doctor (1) knew that the drug

4    was a controlled substance; (2) knowingly dispensed, distributed, or caused the dispensing

5    or distributing of the controlled substance; and (3) acted without a legitimate medical

6    purpose or beyond the bounds of medical practice.

7    There are no specific guidelines as to what is required to support the conclusion that

8    a physician acted without a legitimate medical purpose or beyond the bounds of medical

9    practice.  In making a medical judgment concerning the proper treatment for an individual

10   patient, a physician has the discretion to choose among a wide range of options.

11   Therefore, in determining whether a defendant acted without a legitimate medical purpose

12   or beyond the bounds of medical practice, you should consider all of the defendant's

13   actions and the circumstances surrounding his actions.

14   For you to find that the defendant acted without a legitimate medical purpose, you

15   must determine that the government has proved beyond a reasonable doubt that the

16   defendant prescribed the controlled substances in question not for the proper treatment of a

17   patient, but for some other improper purpose, such as for his own personal profit.

18   A physician's own methods do not themselves establish what constitutes the bounds

19   of medical practice. In determining whether the defendant's conduct was within the bounds

1    of medical practice, you should consider the testimony you have heard relating to what has

2    been characterized during the trial as the proper standards of medical practice.

3          You should also consider the extent to which, if at all, any violation of professional

4    standards you find to have been committed by the defendant interfered with his treatment

5    of his patients and contributed to an excessive prescription of controlled substances.   A

6    physician's conduct may constitute a violation of professional rules as well as the criminal

7    laws.   However, a violation of professional rules does not in and of itself establish a

8    violation of criminal laws.   In determining whether or not the defendant is guilty of the

9    crimes with which he is charged, you should consider the totality of his actions and the

10   circumstances surrounding them and the extent and severity of any violations of

11   professional standards you find he committed.

12         A doctor's good faith in medically treating a patient is relevant in determining

13   whether the doctor has dispensed a drug for a legitimate medical purpose in the usual

14   course of medical practice. The burden of proof is not on the defendant to prove his good

15   faith, of course, since he has no burden to prove anything.   "Good faith" means that the

16   physician acted with good intentions in the honest belief that he was attempting to act in

17   accord with the standards of medical practice generally recognized and accepted in the

18   medical profession.   This is an objective test, and not a subjective one.   In other words, a

19   physician cannot substitute his own views of what is good medical practice in place of

20   generally accepted norms simply because he believes it proper.   If you find that the

21   defendant acted in good faith as I have defined it in prescribing the drugs charged in this

1    case, then you must find the defendant not guilty.

2        There is a difference between simple medical negligence or malpractice and the

3    criminal charges in this case. The question is this case is not whether the defendant acted

4    carelessly or negligently.   The question in this case is whether the government has proved

5    beyond a reasonable doubt that this physician prescribed controlled substances, or aided or

6    abetted his employees to do so, without a legitimate medical purpose or beyond the bounds

7    of medical practice, and thus violated the criminal law.

Instruction No. **21**

1    As to Counts 298 and 299, the government has alleged that the use of the prescribed

2    controlled substances resulted in the death of HH.   The verdict form contains a separate

3    question regarding HH's death.   You may not answer this question "yes" unless you find

4    that the government has proved beyond a reasonable doubt that HH would not have died

5    but for the prescription of the controlled substances identified.

6    The government must prove that HH's death resulted from the unlawfully

7    distributed controlled substances, not merely from a combination of factors to which drug

8    use merely contributed.   The law does not require the government to prove that Dr.

9    Smithers intended to cause death.   Similarly, the law does not require the government to

10   prove that Dr. Smithers knew or should have known that he was subjecting HH to a risk of

11   death when he prescribed the controlled substances.

Instruction No. _22_

1      The government need not prove the exact amount of the controlled substance or

2   substances as alleged in the Second Superseding Indictment.

3      The government must prove beyond a reasonable doubt, however, that a measurable

4   amount of the controlled substance or substances was, in fact, knowingly and intentionally

5   distributed or caused to be distributed by the defendant.

Instruction No. **23**

1   In some of the charges, the defendant is charged as a principal or as an aider and

2   abettor.

3   A person may violate the law even though he or she does not personally do each and

4   every act constituting the offense if that person "aided and abetted" the commission of the

5   offense.

6   Before the defendant may be held responsible for aiding and abetting others in the

7   commission of a crime, it is necessary that the government prove beyond a reasonable

8   doubt that the defendant knowingly and deliberately associated himself in some way with

9   the crime charged and participated in it with the intent to commit the crime.

10   In order to be found guilty of aiding and abetting, the government must prove

11   beyond a reasonable doubt that the defendant:

12   (1) Knew that the crimes charged were to be committed or were being committed,

13   (2) Knowingly did some act for the purpose of aiding or encouraging the

14   commission of that crime, and

15   (3) Acted with the intention of causing the crimes charged to be committed.

16   Merely being present at the scene of the crime or merely knowing that a crime is

17   being committed or is about to be committed is not sufficient conduct for you to find that

18   the defendant aided and abetted the commission of that crime.

19   The government must prove that the defendant knowingly associated himself with

1    the crime in some way as a participant – someone who wanted the crime to be committed –

2    not as a mere spectator.

Instruction No. _24_

1    You may find that the defendant acted knowingly if you find beyond a reasonable

2    doubt that the defendant believed there was a high probability that patients were abusing

3    the drugs prescribed and that he took deliberate actions to avoid learning of that fact.

4    Knowledge may be inferred if the defendant deliberately closed his eyes to what would

5    otherwise have been obvious to him.   A willfully blind defendant is one who takes

6    deliberate actions to avoid confirming a high probability of wrongdoing and who can

7    almost be said to have actually known the critical facts.   You may not find the defendant

8    acted "knowingly" if you find he was merely careless or mistaken as to those facts.

Instruction No. _25___

1      It is your duty as jurors to talk with one another and to deliberate in the jury room.

2    You should try to reach an agreement if you can.   Each of you must decide the case for

3    yourself, but only after consideration of the evidence with the other members of the jury.

4    While this is going on, do not hesitate to reexamine your own opinions and change your

5    mind if you are convinced that you were wrong.   But do not give up your honest beliefs

6    solely because the others think differently, or merely to get the case over with.   In a very

7    real way you are judges, judges of the facts.   Your only interest is to determine whether

8    the government has proved the defendant guilty beyond a reasonable doubt.

9      When you go to the jury room to begin considering the evidence in this case, you

10   should first select one of the members of the jury to act as your foreperson.   This person

11   will help to guide your discussions in the jury room.   Once you are there, if you need to

12   communicate with me, the foreperson will send a written message to me.   However, don't

13   ever tell me how you stand as to your verdict, numerically or otherwise.   As I mentioned

14   several times, the decision you reach must be unanimous — you must all agree.

15     I remind you that during your deliberations, you must not talk with anyone or

16   communicate with or provide information to anyone by any means about this case,

17   including by phone, text message, or email.   Also, you must not obtain any outside

18   information about this case during your deliberations.

19     I will give you a verdict form for the defendant to take with you to the jury room.   I

1   will also send a copy of the indictment with you.   The indictment is not evidence and you

2   may not consider it as such.   When you have reached a decision, and the verdict form is

3   completed, you should have the foreperson sign the verdict form at the end, and tell the

4   court that you are ready to return to the courtroom.