# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. :  1:17-CR-027-JPJ-PMS |
| ) | |
| JOEL A. SMITHERS ) | |
|     DEFENDANT ) | |

COMES NOW the Defendant, Dr. Joel A. Smithers, by and through counsel, and moves this Honorable Court to enter a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure , or in the alternative order a new trial pursuant to Rule 33, and in support hereof states as follows:

1. Dr. Smithers moves for judgment of acquittal on Count 1 of the Indictment because even viewing the evidence in the light most favorable to the government not reasonable jury could  find him guilty beyond a reasonable doubt. Dr. Smithers was a physician who had medications returned to him on regular occasions.  He explained the reason for the money to be in his possession for a tax account he was sitting up.  In addition, Brenda Fisher testified that she brought him pills packaged in baggies of 10 pills each.  The pills provided by Ms. Fisher matched those pills found in Dr. Smithers" possession.  The pills were in several bottles, mixed together, not in accordance with what would be considered to be a way of distributing the pills.  Therefore, Dr. Smithers asks that his motion for judgment of acquittal be granted.

2. Dr. Smithers moves this Honorable Court for a new trial on each count of the indictment because the jury was instructed that it may convict him of distribution of a

controlled substance without a legitimate medical purpose or outside the course of professional practice.  The government should properly be required to prove both components beyond a reasonable doubt.  The principal charges in this case required the government to prove the defendant knowingly and intentionally operated both outside the usual medical practice and for no legitimate medical purpose.  That is the only way to interpret the law without rendering the statute fatally vague under the Due Process Clause.  We acknowledge that in the case of U.S. v. Hurwitz, 459 F.3d 463 (4th Cir. 2006), the Court of Appeals has ruled that the language given by this court was proper; however, the Defendant believes such ruling is incorrect and should be overturned.  It is implausible to believe that Congress intended to prosecute physicians for novel or creative treatment-that is for a legitimate medical purpose-simply because it is outside the usual course of practice.  Therefore, Dr. Smithers believes this instruction was given in error and a new trial should be ordered.

   3.  Dr. Smithers moves for judgment of acquittal on Counts 3-20 Robert Battaglia, 21-55 Frank Blair; 56-59 S.B.; 60-78 Geneva Bowman; 79-100 Jason Bowman; 102 Deborah Brown; 103-113 Clayton Colegrove; 114-118 Janet Craycraft; 119-121 Timmy Dameron;  122-141  Hassel Daniels; 142-164  Robert Daniels;  165-193  Donna Daniels; 194-195 S.F.; 216-221 C.G; 245-265 John Harlow;  266-287 Patricia Harlow; 288-299 Heather Hartshorn; 300-304 Bobby Hopkins.; 305-306 Donald Hopkins; 307-329 Samuel Hubbard;  330-341 Blakely Hurley; 342-373 Deanna Jessee; 374-415 Rebecca Jessee; 416-458 Rick Jessee; 459-462 Neil Jewell; 501-504 Billie Lindsey; 509-534 Josh Marian; 535-577Jerry Maynard; 578-585 AM; 586-604 Charlene Miller; 605-627 Connie Miller; 628-660  Jennifer Moore; 666-69 Billy Jack Parsley; 740-759  Stancy Turner; 760-761

Andre White; 762-783 Thomas Wiley; 784-803 Darrell Williams; 804-822 Frank Williams; 823-844 Wesley Williams; 845-846 David Wood; and 847-862 Larry Workman.  The only testimony of being outside the course of medical practice or without a legitimate medical purpose was that of Dr. Bassam.  Dr. Bassam admitted that he had not examined the patients, he never interviewed the any of the patients, nor had he ever met them.  None of these patients were called to testify and only a few charts were ever shown or explained to the jury.

    4. Dr. Smithers moves for judgment of acquittal on counts 505-508, involving James Long.  Mr. Long testified that the medicine allowed him to function everyday.  Furthermore, he testified that he was unable to function without the medication and he had a legitimate medical need.  He further indicated that he had legitimate injuries.  A reasonable jury could not find that the prescriptions written to James Long were outside the course of practice or not for a legitimate medical need.

    5. Dr. Smithers moves for judgment of acquittal on counts 196-215, involving Brenda Fisher.  Ms. Fisher testified that that she had legitimate medical need for the medications.  A reasonable jury could not find that the prescriptions written to Brenda Fisher were outside the course of practice or not for a legitimate medical need.

    6. Dr. Smithers moves for judgment of acquittal on Jessica Parsley, counts 700-716. Ms. Parsley testified that that she had legitimate medical need for the medications.  A reasonable jury could not find that the prescriptions written to her were outside the course of practice or not for a legitimate medical need.

    WHEREFORE, the Defendant, Joel A. Smithers respectfully prays that his motion for a new trial or motion for judgment of acquittal be granted.

                                            RESPECTUFLLY SUBMITTED

                                            JOEL A. SMITHERS

BY:   /s/Don M. Williams, Jr.

DON M. WILLIAMS, JR.
ATTORNEY AT LAW/ATTORNEY FOR DEFENDANT
P. O. BOX 601
PENNINGTON GAP, VA  24277
TEL:  276-546-3087
FAX: 276-546-2642
VSB:  41143
EMAIL: donwilliamsjr@yahoo.com

## CERTIFICATE OF SERVICE

I, Don M. Williams, Jr., hereby certify that I have this the 20th day of May, 2019, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

                                            /s/ Don M. Williams, Jr.

                                            DON M. WILLIAMS, JR.