# IN THE UNITED STATE DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. :  1:17-CR-027-JPJ-PMS |
| ) | |
| JOEL A. SMITHERS ) | |
|     DEFENDANT ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT OPPOSITION ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

COMES NOW the Defendant, Dr. Joel A. Smithers, by and through counsel, and responds to the Governments Opposition to Defendant's Motion for Judgment of Acquittal or a New Trial and respectfully moves this Honorable Court to enter a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure , or in the alternative order a new trial pursuant to Rule 33, and in support hereof states as follows:

    1.    Dr. Smithers is charged in Count I with Possession of a Schedule II controlled substance with the intent to illegitimately distribute them.  The government contends, and the defense concedes that a large sum of cash was found in the vehicle as was the pill bottle with many different types of medications.  (Ex. 41-47, 100, dkt. 237 at 47).  It is also conceded that some medications were those of controlled substances; however, many of the pills contained were supplements and various other forms of pills, which were not controlled substances. (Transcript Day 7, P. 67-69, L. 6-25, 1-25, 1-6).

Brenda Fisher, a patient of Dr. Smithers testified that she brought medication back to him. (Transcript Day 6, P. 121, L. 7-8). She stated that she brought the medications back to him in "little packets of 10" pills each. (Transcript Day 6, p. 122 L.. 2-3).

The testimony of Ms. Fisher shows that the medications were not packaged by Dr. Smithers. The government argues that large amounts of cash were found in Dr. Smithers car, which is conceded. However, Dr. Smithers indicates he was in the process of sitting up a tax account and for a business operating in cash, and it would be expected that he would have large sums of money in his possession at times due to operating a cash only business. (Transcript Day 7, P. 67-69, L. 6-25, 1-25, 1-6). Furthermore, the way the pills were stored, being mixed together with supplements, vitamins, etc., clearly shows that the product was not for distribution, but disposal. (Transcript Day 7, P. 69, L. 7-16). Anyone logically would anticipate that someone dispensing drugs would not want to have to scatter pills out in an attempt to locate a certain type of pill mixed in a bottle with vitamins and supplements. A drug dealer would have no use of those substances and would logically have disposed of them already.

Dr. Smithers also stated directly that he did not sell, give or take any of those pills. (Transcript Day 7, P. 69, L. 7-16). A reasonable jury could not conclude that Dr. Smithers intended to distribute these pills and thus the motion for judgment of acquittal should be granted.

2. Dr. Smithers moves this Honorable Court for a new trial because the jury was improperly instructed that it could convict him if he distributed controlled substances outside the course of professional practice or without a legitimate medical need. Although we acknowledge that in the case of U.S. v. Hurwitz, 459 F. 3d 463 (4th Cir.

2006), this circuit has upheld the same instruction, we believe the ruling is in error and should be overturned.

The central point of disagreement between the government and the defense instructions is the question of mens rea. This crime requires that the government prove that the defendant knowingly and intentionally operated outside the course of usual medical practice and for no legitimate medical purpose. That is the only way of interpreting the law that does not render the statute fatally vague under the Due Process Clause.

In this case, the government need not prove that Dr. Smithers was aware that prescribing outside the scope of medical practice was illegal. But he does have to know that he was acting outside the normal course of medical practice and without a legitimate medical purpose. Whether he is acting inside or outside the scope of medical practice is the thing that renders his conduct illegal. The government's interpretation is contrary to the Supreme Court's statement in Moore that "Congress understandably was concerned that the drug laws not impede legitimate research and that physicians be allowed reasonable discretion in treating patients and testing new theories." United States v. Moore, 423 U.S. 122, 143 (1975). The government's contention is that doctors can go to jail even for a good faith error in judgment if they happen to prescribe medication outside the normal course of professional practice and do so unknowingly. If Congress intended that result, and a break from pervious law, they clearly would have said so. The government's interpretation would render the statute obscenely overbroad.

Furthermore, the government's argument, if accepted, would effectively reduce the burden of establishing criminal liability below that of civil malpractice. In a

malpractice case, the plaintiff must at least establish that the doctor was negligent – that is that the doctor should have known – they were doing something dangerous or wrong. The government argues that they can convict a doctor based on strict liability if, as a matter of fact, his actions are outside the scope of medical practice, regardless of his knowledge or intent. This flies in the face of all of the many courts that instruct juries on the higher mens rea requirements in a criminal case. The potential confusion and prejudice to the defendant in confusing the civil and criminal standards. See United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005) ("In particular, the court instructed the jury that it could not convict on the distribution and drug conspiracy charges if it found only that the defendants' practices fell 'below that line of what a reasonable physician would have done.'");

Based on the forgoing arguments, we believe that the instructions given were in error and a new trial should be awarded.

3. The only evidence presented against Dr. Smithers as it pertains to patients listed in Paragraph 3 of the motion for judgment of acquittal is the testimony of Dr. Bassam and the patient records and prescriptions entered into evidence. Dr. Bassam admitted that he did not conduct physical examinations or speak with any of Dr. Smithers patients, but merely made judgments based on the records. (Transcript Day 6, p. 98, L.11-13). He further stated that pain is subjective and admitted that Dr. Smithers had diagnosis codes on most all patients. (Transcript Day 6, p. 89 & 92, L.3-6 & 3-10). Dr. Bassam was a hired gun who was paid $750.00 per hour to testify for the Government and this was his first criminal case in which he provided testimony. (Transcript Day 6, P. 103, L.3, 7-9)

Dr. Smithers actually performed an exam on each patient. (Transcript Day 7, P. 154-155, L. 13-25,1-5). He determined that each patient had a legitimate medical need. (Transcript Day 7, P. 154, L. 3-12). He was never contacted by Dr. Bassam regarding his treatment or to see if he had consulted any other information that was missing.

The government could have called the patients to the stand; however, they chose to rely solely on the medical records and the testimony of Dr. Bassam. The government has failed to provide sufficient evidence that these prescriptions were outside the course of legitimate practice or not for a legitimate medical need.

4. James Long was a patient of Dr. Smithers who testified at the trial. Mr. Long testified that he wrecked a farm truck in 1995, which began his back problems. (Transcript Day 3, P. 116, L. 11-17). Mr. Long suffers from slipped, herniated and bulging disk problems in his neck and back. (Transcript Day 3, P. 117, L. 2-3). He stated his pain was real and that it still continues today. (Transcript Day 3, P. 121, L. 11-14). The medication prescribed by Dr. Smithers allowed him to perform daily activities like walking and picking stuff up. (Transcript Day 3, P. 121-122, L. 15-23, 4-6). Dr. Smithers spent at least 30 minutes with him on the initial visit interviewing him and making notes. (Transcript Day 3, P. 122, L. 12-18).

Dr. Smithers clearly performed a thorough medical exam on Mr. Long. (Transcript Day 7, P. 154-155, L. 13-25, 1-5). He has serious legitimate medical issues that required medication. Dr. Bassam admitted that he did not conduct physical examinations or speak with any of Dr. Smithers patients , but merely made judgments based on the records. (Transcript Day 6, P. 98, L.11-13). Furthermore, Dr. Smithers

testified that he determined Mr. Long had a legitimate medical need for the medications. (Transcript Day 7, P. 154, L. 3-12).

Based on the evidence presented, a reasonable jury could not find that the prescriptions written to James Long are outside the course of medical practice or not for a legitimate medical need. Therefore, the court should grant Dr. Smithers' motion for judgment of acquittal on counts 505-508.

5. Brenda Fisher was a patient of Dr. Smithers, who was called to testify at trial. Ms. Fisher testified that she suffered from degenerative bone disease, a bulging disk and that she needed a knee replacement. (Transcript Day 6, P. 119, L. 10-13). The injuries were the result of a car accident of which she lost use of her legs and injured her back. (Transcript Day 6, P. 119, L. 16-24). She went on to state that he met with her for over two hours on the initial visit, examined her back, made her walk and took vital signs. (Transcript Day 6, P. 118, L. 1-13).

Dr. Smithers clearly performed a thorough medical exam on Ms. Fisher. (Transcript Day 7, P. 154-155, L. 13-25, 1-5). She has serious legitimate medical issues that required medication. Dr. Bassam admitted that he did not conduct physical examinations or speak with any of Dr. Smithers patients , but merely made judgments based on the records. (Transcript Day 6, P. 98, L.11-13). Furthermore, Dr. Smithers testified that he determined Ms. Fisher had a legitimate medical need for the medications. (Transcript Day 7, P. 154, L. 3-12).

Based on the evidence presented, a reasonable jury could not find that the prescriptions written to Brenda Fisher are outside the course of medical practice or not

for a legitimate medical need. Therefore, the court should grant Dr. Smithers' motion for judgment of acquittal on counts 196-215.

6. Jessica Parsley was a patient of Dr. Smithers, who was called by the Government to testify. Ms. Parsley testified that she injured her back and neck as a result of a motor vehicle accident and also she had knee surgery where an infection set up. (Transcript Day 3, P. 87-88, L. 5-7, 16-23). Ms. Parsley stated that her pain was real. (Transcript Day 3, P. 90, L.19-21). Physical therapy had not helped, but only made the pain worse. (Transcript Day 3, P. 88, L. 1-4). Dr. Smithers examined her back and performed tests on her during her initial visit. (Transcript Day 3, P. 89, L. 16-22).

Dr. Smithers performed a thorough exam on Ms. Parsley. (Transcript Day 7, P. 154-155, L. 13-25, 1-5). Jessica suffers from legitimate injuries and alternative forms of treatment were not working. Dr. Bassam admitted that he did not conduct physical examinations or speak with any of Dr. Smithers patients , but merely made judgments based on the records. (Transcript Day 6, P. 98, L.11-13). Furthermore, Dr. Smithers testified that he determined Ms. Parsley had a legitimate medical need for the medications. (Transcript Day 7, P. 154, L. 3-12).

Based on the evidence presented, a reasonable jury could not find that the prescriptions written to Jessica Parsley are outside the course of medical practice or not for a legitimate medical need. Therefore, the court should grant Dr. Smithers' motion for judgment of acquittal on counts 700-716.

WHEREFORE, the Defendant, Joel A. Smithers respectfully prays that his motion for a new trial or motion for judgment of acquittal be granted.

RESPECTUFLLY SUBMITTED

JOEL A. SMITHERS

BY:   /s/Don M. Williams, Jr.

DON M. WILLIAMS, JR.
ATTORNEY AT LAW/ATTORNEY FOR DEFENDANT
P. O. BOX 601
PENNINGTON GAP, VA  24277
TEL:  276-546-3087
FAX: 276-546-2642
VSB:  41143
EMAIL: donwilliamsjr@yahoo.com

## CERTIFICATE OF SERVICE

I, Don M. Williams, Jr., hereby certify that I have this the 15th day of July, 2019, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

/s/ Don M. Williams, Jr.

DON M. WILLIAMS, JR.