CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

AUG 15 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Court No. 1:17cr00027 |
| | ) |
| JOEL ADAMS SMITHERS | ) |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, on September 27, 2018, a federal grand jury sitting in the Western District of Virginia returned an 862 count Second Superseding Indictment, charging defendant Joel Adams Smithers (the "Defendant") with knowingly and intentionally possessing with the intent to distribute Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count One); knowingly and intentionally maintaining a place, the Center for Integrative Health at Smithers Community Healthcare d/b/a Smithers Community Healthcare, for the purpose of unlawfully distributing controlled substances, in violation of 21 U.S.C. 256 (Count Two) and knowingly, intentionally, and unlawfully distributing and dispensing and causing the intentional and unlawful distribution and dispensing of Schedule II controlled substances, without a legitimate medical purpose and beyond the bounds of medical practice, by issuing prescriptions, in violation of 21 U.S.C. § 841(a)(1) (Counts Three through 892);

WHEREAS, The Second Superseding Indictment contained a Notice of Forfeiture, pursuant to 21 U.S.C. § 853(a)(1) and (2), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant, of any property constituting, or derived from, any proceeds obtained, directly or indirect from a violation of U.S.C. §§ 846 (a)(1) or 856, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses;

WHEREAS, the property to be forfeited included, but was not limited to, the following:

    a. Not less than $500,000.00;

WHEREAS, the Notice of Forfeiture of the Second Superseding Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with a third person, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the above-described forfeitable property;

WHEREAS, on May 9, 2019, a jury found the Defendant guilty of all remaining Counts[1] of the Second Superseding Indictment;

WHEREAS, on July 31, 2019, this Court entered an Opinion and Order acquitting the Defendant of Count One of the Second Superseding Indictment;

WHEREAS, the amount of $104,625 in U.S. Currency represents some of the proceeds the Defendant obtained as a result of violations of 21 U.S.C. §§ 841(a)(1) and 856. This amount is in addition to $79,194.52, previously forfeiture by the Drug Enforcement Administration; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $104,625 in United States Currency, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedures.

---

[1] The government moved to dismiss Count 101 on the first day of trial, which motion was granted. See Oral Order ECF No. 166.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. §853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by the Court against the Defendant.

ENTER: 8/15/19

_____
United States District Judge

AGREED TO:

_____
Joel Smitthers, Defendant

_____
Donnie Williams, Counsel for the Defendant

_____
Randy Ramseyer, Assistant United States Attorney