# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:17CR00027 |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | |
| **JOEL A. SMITHERS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

In this criminal case, the defendant's counsel moved to withdraw as attorney on multiple occasions. I denied these motions orally. This Memorandum elaborates on the reasons for my decisions.

Defendant Smithers, a physician, was arrested on August 15, 2017, on a Criminal Complaint charging him with possession with intent to illegally distribute controlled substances. He appeared before a magistrate judge represented by an assistant federal public defender and was released on an unsecured bond and conditions of release. On August 30, 2017, retained counsel entered an appearance and on September 12, 2017, Smithers was indicted with one count of possessing with the intent to distribute controlled substances. Trial was set beyond the Speedy Trial Act's permissible date at the request of the defendant for March 19 through 29, 2018. The government obtained a Superseding Indictment on December 18,

2017, which added one count of maintaining a place for the purpose of unlawfully distributing controlled substances and 714 counts of distributing controlled substances without a legitimate medical purpose and beyond the bounds of medical practice. Smithers' retained counsel moved for a continuance based on the additional charges, which was granted and a new trial date set for October 29 through November 21, 2018.

On March 26, 2018, Smithers' retained counsel moved for leave to withdraw based on the defendant's inability to continue to pay his fee. Mot. to Withdraw, ECF No. 45. The motion was granted by the magistrate judge, and Smithers was given time to either obtain new retained counsel or make application for an appointed attorney. Smithers thereafter advised the court that he had retained counsel, but at a status conference with the magistrate judge on May 17, no appearance having been filed by retained counsel, the court appointed the federal public defender. Shortly thereafter, the federal public defender moved to withdraw on the ground of a conflict of interest, and on May 22, 2018, the court appointed a new attorney, Donald M. Williams, Jr., an experienced member of the court's Criminal Justice Act appointment panel, who thereafter has represented Smithers.

On August 28, 2018, counsel for Smithers filed a motion to continue the October 29–November 21 trial date, based in part on the fact that Smithers was living in North Carolina and working several jobs and thus had been difficult for

him to travel to Virginia to review the government's discovery material. The magistrate judge granted the motion, and reset the trial for April 29, 2019, through May 31, 2019.

On September 27, 2018, the government obtained a Second Superseding Indictment, which added an allegation that two of Smithers' prescriptions caused the death of a patient.

After an eight-day trial, the jury returned its verdict on May 9, 2019, convicting Smithers of all charges and finding that the use of the controlled substances at issue resulted in the death of the patient.

Ten days before the start of trial, on April 19, 2019, defense counsel Williams filed a Motion to Withdraw as Attorney. Smithers submitted a pro se affidavit with the motion. In the affidavit, Smithers asserted that his counsel was unprepared to defend his case because counsel has limited staff and resources, has had a large caseload since being assigned to represent him, has never defended a case like this one, and has not reviewed all discovery materials or interviewed the government's witnesses. Smithers also stated that he had been unable to review all the discovery materials. The government opposed the motion to withdraw. After a hearing, the magistrate judge found that although Smithers asserted that he was not prepared for trial, his counsel had not made any representation to the court that he was unprepared. The magistrate judge also noted that Smithers and his counsel

have had access to the government's disclosures since June 2018 and the court had approved placement of these materials at a secure location near Smithers' residence in an attempt to facilitate his review of them. Accordingly, the magistrate judge found no reason to believe that counsel's preparation had been negatively impacted by anything other than the defendant's failure to assist in trial preparation and denied the motion to withdraw. Thereafter, counsel filed a Motion for Reconsideration of the magistrate judge's order, which I took up and denied orally on the first day of trial.

Before proceedings began on the third day of trial, Smithers submitted a letter to the court. Letter, ECF No. 171. In the letter, Smithers stated that his attorney was uninformed about his case, and as a result, he did not trust his attorney to decide whether he should testify or prepare him to testify. Smithers asserted that under these circumstances, his Sixth Amendment rights were being violated. Based on the defendant's letter, attorney Williams made an oral motion to withdraw, which I denied.

At the beginning of the fourth day of trial, Smithers submitted another letter to the court. In the letter, Smithers stated that he continues to distrust his attorney, and that during the prior day's proceedings, his attorney had slapped him on the arm and told him that he would "knock [him] out" if he continued to request that counsel object to the government's evidence when counsel felt that objections were

unwarranted. He also stated that counsel's representation to the court that he was prepared to defend the case was false, and he has irreconcilable differences with his attorney. I held a hearing based on these circumstances. Smithers' counsel candidly admitted that he had momentarily lost his temper with Smithers, after Smithers continued to distract him during testimony with comments and suggestions. He apologized. I determined that this aberrant lapse in temper by defense counsel had not so infected the relationship that the case could not continue with present counsel. After having observed Smthers' conduct during the course of the case, it was apparent to me that he had a drastically unrealistic view of the strength of the government's case and his chances of prevailing. I believed that defense counsel was doing the best job possible under the circumstances of case and the difficulties presented by his client.

It is within the court's discretion to remove counsel in a criminal case. *United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014). In excising that discretion, the court should consider the timeliness of the motion, the adequacy of the court's inquiry into the factual basis of the defendant's dissatisfaction, and whether the conflict was "so great that it had resulted in total lack of communication preventing an adequate defense." *Id*. at 194 (internal quotation marks and citation omitted).

After hearing argument ex parte from Smithers' counsel on the Motion for Reconsideration of the magistrate judge's order denying his first Motion to Withdraw as Attorney, I found that the magistrate judge's decision was not clearly erroneous. However, out of an abundance of care, I considered de novo the question of whether to terminate defense counsel and appoint new counsel for Smithers. First, this case had been pending for nearly two years, and there is an important public interest in avoiding further delay. Likewise, it was in Smithers' interest to resolve the charges pending against him. Moreover, Smithers' counsel has been appointed for approximately 11 months, and trial has already been continued once to allow him further time to prepare. Further, based on the magistrate judge's findings and counsel's representations before me in court, I found that counsel was adequately prepared for trial. Smithers could point to no specific deficiency in his counsel's representation of him, and counsel stated that based on his experience as a criminal defense attorney, he had properly prepared for trial. Although there have been disagreements between Smithers and his counsel regarding trial tactics and procedures, this is not uncommon in criminal cases, and I found that the relationship between Smithers and his counsel was not irrevocably broken. Accordingly, I declined to terminate Smithers' counsel.

With respect to counsel's second Motion to Withdraw as Attorney and in response to Smithers' two letters to the court, I first found, as I found when ruling

on the Motion for Reconsideration, defense counsel was adequately prepared to defend this case. Counsel represented that he has reviewed all relevant portions of the record, and it was clear that he had been effectively cross-examining witnesses and consulting with Smithers throughout the trial. Moreover, although counsel must consult with Smithers regarding his decision to testify, Smithers "has the ultimate authority to determine whether to . . . testify." *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (internal quotation marks and citations omitted). Lastly, I found that although Smithers and his counsel continued to have disagreements regarding trial tactics, it did not appear that there had been any lack of communication between them that prevented an adequate defense. Smithers and his counsel appeared to communicate frequently during the government's presentation of evidence and counsel's cross examination of witnesses.

DATED: September 12, 2019

/s/ *James P. Jones*
United States District Judge