UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **ORDER OF DETENTION** |
| v. | ) Case No.: 1:17cr00027-001 |
| | ) |
| **JOEL A. SMITHERS,** | ) |
|     **Defendant.** | ) |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was held in this matter on April 2, 2024. The defendant, Joel A. Smithers, ("Smithers"), is charged in a multiple-count Indictment with violating 21 U.S.C. § 841(a)(1), unlawful distribution of Schedule II controlled substances, which raises a presumption of detention. Based on the evidence presented, including, but not limited to, the following, the court finds that the clear and convincing evidence demonstrates that the defendant is a risk of flight if released on bond pending his trial:

1. The defendant was discharged from a medical residency program in 2013 for making false statements;

2. The defendant operated an unauthorized pain clinic near Beckley, West Virginia, that was visited by state medical inspectors on June 23, 2015. When the inspectors asked to review his patients' records, Smithers told them to obtain a subpoena. When the inspectors went back the next day with an inspection warrant to review his patient records, Smithers's office had been cleaned out, no one was present and no patient files could be found. The inspectors did find shredded documents and urine samples containing patient identifying information in a trash dumpster outside of the office;

3. In August 2015, Smithers reopened his medical practice in Martinsville, Virginia;

4. When Smithers was arrested on federal charges in 2017, he denied any current mental health problems or symptoms. He also denied any history of substance abuse. He was placed on bond with a condition that he refrain from the excessive use of alcohol;

5. The weight of the evidence presented against the defendant at his 2019 trial is damning, leading to the conclusion that the defendant was running an illegal drug distribution center through his medical practice;

6. The defendant was convicted at his 2019 trial, taken into immediate custody and later sentenced to 40 years in prison. While that conviction has been set aside, the defendant now is aware of the damning evidence against him and the potential sentence he faces, if convicted upon retrial;

7. Neither the defendant, nor his family, have any ties to this judicial district;

8. At sentencing in 2019, the defendant called as an expert witness, Dr. Brian Andrew Farah, a board-certified psychiatrist. Based on his evaluation of Smithers and discussions with Smithers's family and review of the evidence presented at trial, Dr. Farah opined as follows:

   a. Smithers has exhibited a lifelong "pervasive pattern of impaired judgment." (Docket Item No. 293 at 18);

   b. Smithers has exhibited a "pervasive and repeated lack of judgment." (Docket Item No. 293 at 20);

   c. Smithers's pursuance of his "type of clinical practice in the midst of an opiate crisis in the areas that are under the most

    scrutiny and to do it with such a degree of recklessness and on a consistent basis" indicate that he suffered from a mental illness;

d. Smithers's level of judgment is "just way out of bounds … for his level of IQ and training…." (Docket Item No. 293 at 21);

e. Smithers suffered from an untreated bipolar disorder. (Docket Item No. 293 at 22);

f. Smithers has suffered from delusional beliefs, including his belief after his 2019 conviction that "some expert … would swoop down and justify everything he had done. Some doctor would come from out of state and explain that his practice was valid and he was doing everything correctly." (Docket Item No. 293 at 22);

g. Smithers was engaged in "a very large improper prescription of narcotic drugs" and "everything that could go wrong in [his] medical practice did." (Docket Item No. 293 at 24);

h. Smithers has exhibited a "lack of judgment and … insistence on these continually risky and problematic and dangerous behaviors" resulting in his "judgment and insight [being] completely erased." (Docket Item No. 293 at 24);

i. Smithers has his own version of reality, which is "impenetrable." (Docket Item No. 293 at 24-25, 29);

j. Smithers has suffered from serious, long-standing abuse of alcohol. (Docket Item No. 293 at 26);

k. Smithers is likely to suffer from "flare ups" and not "do well" during periods of high stress. (Docket Item No. 293 at 29); and

3

  l. Smithers's impaired judgment has resulted in dishonesty. (Docket Item No. 293 at 40); and

9. In a recent interview with U.S Probation, Smithers admitted that he had abused alcohol until March 3, 2019, including while he was on bond in this court prior to his first trial.

## Directions Regarding Detention

  The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending his revocation hearing.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with any further court proceedings.

  **ENTERED**:April 3, 2024.

            /s/ *Pamela Meade Sargent*
            UNITED STATES MAGISTRATE JUDGE