CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
May 28, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:17CR00027 |
| v. | **OPINION AND ORDER ON MOTION FOR REVIEW OF DETENTION** |
| **JOEL A. SMITHERS,** | JUDGE JAMES P. JONES |
| Defendant. | |

The defendant has filed a motion seeking review of the detention of the defendant pending his trial. 18 U.S.C. § 3145(b). The government opposes the motion, which has been briefed and orally argued by counsel.

The defendant, Joel A. Smithers, a former physician, was convicted by a jury of multiple violations of the Controlled Substances Act, and was sentenced by this Court on October 2, 2019, to 40 years' imprisonment. He appealed, and by decision rendered nearly five years later, on February 2, 2024, the court of appeals reversed the convictions and remanded for a new trial. *United States v. Smithers*, 92 F.4th 237 (4th Cir. 2024). Its decision was based on the Supreme Court's opinion in *Ruan*

*v. United States*, 597 U.S. 450 (2022), decided after Smithers' convictions, and which overruled prior Fourth Circuit precedent.[1]

Upon his return to this Court, Smithers' re-trial was scheduled and the magistrate judge, following an evidentiary hearing, granted the government's motion to detain Smithers awaiting trial, finding that "the clear and convincing evidence demonstrates that the defendant is a risk of flight if released on bond pending his trial." Order of Detention 1, ECF No. 355 (Apr. 3, 2024). Smithers filed the present Motion Appealing Detention Order, ECF No. 367, on April 29, 2024.

While this court on review of a detention order by a magistrate judge must make a de novo determination, *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989), a new evidentiary hearing is not required, and the court may consider the evidence presented before the magistrate judge, *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985).[2]

Because of the charges against the Smithers, there is a rebuttable presumption that no condition or combination of conditions can reasonably assure Smithers'

---

[1] In its opinion, the court of appeals held erroneous and as an abuse of discretion three instructions to the jury "all of which use the phrase 'without a legitimate medical purpose or beyond the bounds of medical practice.'" *Smithers,* 92 F.4th at 248.

[2] While I did not hold a new evidentiary hearing, counsel did argue the matter before me at a status conference held May 14, 2024. No request for a new evidentiary hearing was made.

appearance before the Court if released.  18 U.S.C. § 3142(e)(3)(A).  This rebuttable presumption applies to cases, among others, in which there is probable cause to believe that the defendant committed an offense under the Controlled Substance Act for which the maximum term of imprisonment is ten years or more. *Id*. An indictment charging a defendant with committing such a crime, as here, is sufficient to establish probable cause.  *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). With the presumption, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case." *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). "To do so, the defendant must proffer at least some evidence or basis to conclude that the case falls outside the congressional paradigm giving rise to the presumption." *United States v. Blue*, No. ELH-19-286, 2020 WL 6044328, at *4 (D. Md. Oct. 9, 2020) (internal quotation marks and citations omitted), *appeal dismissed*, No. 21-4500, 2021 WL 7569805 (4th Cir. Sept. 23, 2021).

If the presumption is rebutted, a defendant must be released unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b).  In doing so, the court must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

  (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including --

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§ 3142(g). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished).

  The government argues that Smithers has not overcome the presumption of detention in light of the details of his egregious conduct as shown at the prior trial at which he was convicted. Moreover, the government points to his mental health issues and in particular the evidence at his sentencing from his own expert that he suffered from "untreated bipolar disorder" and "pervasive and repeated lack of judgment." Gov't's Resp. 6, ECF No. 372 (internal quotation marks and citation

omitted).  Finally, the government relies upon the weight of the evidence of Smithers' guilt, which it argues will motivate him to abscond if released, particularly since his preferred residence if released is with his father or with his wife, both of whom live in Texas.[3]

On the defendant's behalf, it is argued that because his convictions have been reversed, he is in the same position as before his prior trial, when he was free on bond and did not violate any of the conditions of his release.

I have made a de novo consideration of detention in this case based upon a review of the record, including a review of the transcript of the evidentiary hearing before the magistrate judge.  Even assuming that Smithers has overcome the presumption of pretrial detention, but considering the § 3142(g) factors, I find that he must be detained.

First, as the government contends, the prior trial has shown that the weight of the evidence against the defendant is very strong.  I recognize that the fact of his prior conviction by the jury of all counts is not subject to my consideration since those convictions have been reversed.  But the seriousness and detail of the

---

[3] The Pretrial Services Report indicates that Smithers' wife's living situation may not be ideal. Moreover, at the hearing before the magistrate judge, it was reported that his father was not home very often and had indicated that the father would rather have Smithers stay with his wife. Tr. 22, ECF No. 366.

government's evidence, and the weakness of the defendant's response, is a factor that I should consider.[4]

Moreover, considering Smither's particular mental issues, as shown in his evidence at sentencing, and his present knowledge of the government's case, I find that there are no conditions of release that will reasonably assure his appearance in this case. Of course, he could be subjected to electronic monitoring, or a directed place of residence, but those conditions would not prevent him from removing any monitoring instrument and absconding before he could be arrested. His reported lack of judgment and his present experience with the reality of prison life, pose the reasonable risk that he would flee before the trial if not detained.

---

[4] While the court of appeals held that the pre-*Ruan* jury instructions were not harmless, *Smithers,* 92 F.4th at 251, it recognized the strength of the government's case:

> True, much of the [defendant's] testimony wasn't particularly convincing, as weighed against the prosecution's evidence. And a jury might very well not have believed Smithers' testimony that he was acting with a legitimate medical purpose. . . . But copious evidence of a defendant's guilt does not necessarily make an instructional error harmless.

*Id.* As the magistrate judge remarked during her hearing on the government's request for detention,

> I can consider the weight of the evidence, and it is clear here that Mr. Smithers was a drug dealer with a prescription pad, okay? I've looked at the evidence that was presented in this case.

Tr. 19, ECF No. 366.

For these reasons, it is **ORDERED** that the Motion Appealing Detention Order, ECF No. 367, is DENIED.

                                      ENTER: May 28, 2024

                                      /s/ JAMES P. JONES
                                      Senior United States District Judge