CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
June 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM ORDER** |
| **JOEL A. SMITHERS,** ) | Case No.:   1:17cr00027 |
| **Defendant.** ) | |

     This matter is before the court on the motion of the Government, (Docket Item No. 378) ("Motion"), to seal Exhibit No. 2 to the United States' Summary Of Testimony Of Expert Witness Pursuant To Federal Rules Of Evidence 702, 703 and 705, and Notice Of Intent To Introduce Expert Testimony, (Docket Item No. 377). "Although the district court's authority and discretion to seal judicial records or documents is well established in the Fourth Circuit, the court may do so only 'if the public's right of access is outweighed by competing interests.'" *United States v. Sentara Healthcare*, 2024 WL 1023065, at *4 (W.D. Va. Mar. 8, 2024) (quoting *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000)). "There is a right of public access to judicial records and documents grounded both in common law and in the First Amendment, and irrespective of the particular basis for such right of access in any given case, it 'may be abrogated only in unusual circumstances.'" *United States v. Church*, 702 F. Supp. 2d 615, 616-17 (W.D. Va. 2010) (quoting *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004)). Furthermore, the party seeking the sealing of a document bears the burden of overcoming the right of access to the documents. *See Va. Dep't of State Police*, 386 F.3d at 575.

     As stated above, there are two sources for the public's right of access to court

documents – the common law and the First Amendment. *See Va. Dep't of State Police*, 386 F.3d at 575. "The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This presumptive right to judicial documents can be "rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Public Citizen*, 749 F.3d 246, 264 (4th Cir. 2014) (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). This public interest is at its "apex" when the Government is a party to the action. *See Doe*, 749 F.3d at 271. The factors to be weighed in this balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public already had access to the information contained in the records. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597-608).

With regard to criminal trials, the public has a right, guaranteed by the First Amendment, to attend criminal trials. *See In re Knight Publ'g Co.*, 743 F.2d at 233 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980)). Under the First Amendment, a district court may restrict access to judicial records only on the basis of a narrowly tailored and compelling governmental interest. *See United States v. White*, 2017 WL 2378018, at *11 (W.D. Va. May 31, 2017) (citing *Va. Dep't of State Police*, 386 F.3d at 575); *Washington v. Buraker*, 2004 WL 5571423, at *1 (W.D. Va. Mar. 23, 2004). "General concerns stated in a conclusory fashion are not sufficient to constitute a compelling government interest, and do not grant the Court a sufficient basis [to] deny public access to documents…." *Washington*,

2

2004 WL 5571423, at *1. Furthermore, a decision to seal court documents must be supported by specific findings, and the reasons for rejecting alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d at 234-35 (citing *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984)).

In this case, the defendant, who until this prosecution was a doctor of osteopathy, is charged with 861 counts, including two counts of violating 21 U.S.C. § 841(b)(1)(C), distribution of a Schedule II controlled substance without a legitimate medical purpose and beyond the bounds of medical practice which resulted in death. The defendant was originally tried on these charges beginning in April 2019. The defendant's conviction on these charges in 2019 was vacated by the Fourth Circuit Court of Appeals, and the case remanded. The document the Motion seeks to seal is a report from the expert witness Dr. Stacey Hail. The Motion in its entirety states:

> COMES NOW THE UNITED STATES, by undersigned counsel, and respectfully requests the Court seal Exhibit 2 of the United States' Expert Witness Notice for Dr. Stacey Hail, ECF No. 377. The United States requests this exhibit be sealed *due to the sensitive nature of report concerning medical records, in addition to the personal identifying information contained therein*. Wherefore, the United States respectfully requests this exhibit be filed under seal.

(Docket Item No. 378 at 1) (emphasis added). The Government provided no further argument in support of its Motion. Based on the court's in camera review of Dr. Hail's report, it addresses his opinions regarding the cause of death of three of the defendant's former patients, including discussing the patients' medical and autopsy records. Dr. Hail testified at the defendant's 2019 trial, and the report is offered giving notice to defense counsel regarding Dr. Hail's expected expert testimony in

3

the defendant's retrial later this year. The court's review of Dr. Hail's report revealed that the report does not contain any personal identifying information other than the patients' names.

Based on the court's consideration of the Motion and Exhibit No. 2, the Motion is **DENIED** based on the court's finding that there is no basis for sealing this exhibit. Whether the public's right to access to this report is based on common law or the First Amendment, the Government has not met its burden to demonstrate that this right to access is outweighed by competing interests, whether compelling or otherwise. The Government's conclusory statement that the report contains information of a "sensitive nature" simply is not sufficient to justify sealing the report. Furthermore, the Government has not addressed whether there are alternatives available to sealing the report. The court also bases its decision, in part, on the fact that this expert has testified in the past and is expected to testify at the defendant's retrial to the information contained in the exhibit.

However, since there is no requirement that this exhibit be filed with the court, the Government may either file the exhibit on the public docket or choose not to file the exhibit.

**ENTERED:**   June 5, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

4